FRED V. EDGELL

*vs.*

WILLIAM PITT HYDE, FIRST NATIONAL BANK OF PORTLAND AND NEW ENGLAND COLD STORAGE COMPANY.

FRED V. EDGELL

*vs.*

WILLIAM PITT HYDE, FOREST CITY TRUST COMPANY AND NEW ENGLAND COLD STORAGE COMPANY.

Cumberland.   Opinion February 16, 1916.

*Appeal.     Deposition.     Equitable relief.     Finding of sitting Justice in Equity proceedings.     Fraud.*

1.  The findings of the sitting Justice in equity proceedings, upon questions of fact necessarily involved, are not to be reversed upon appeal, unless clearly wrong, and the burden is on the appellant to satisfy the court that such is the fact.

2. A party may be permitted to introduce a portion of the deposition of the adverse party for the purpose of showing admissions by him against his interest.

3. An equity cause in the appellate court is heard anew, hence the admission of evidence below becomes unimportant, except so far as it shall be deemed competent for consideration on appeal.

4. An examination of the evidence in the cases at bar fails to show that the decrees appealed from are clearly wrong, but on the other hand convinces the court that they are amply justified by the proof.

5. It is the opinion of the court in each case that the appeal must be denied and the decree below affirmed with additional costs.

These are actions in equity brought by Fred V. Edgell as plaintiff against William Pitt Hyde and the New England Cold Storage Company and First National Bank of Portland in one case, and against William Pitt Hyde and the New England Cold Storage Company and the Forest City Trust Company in the other case, as defendants. Upon hearing the court sustained the allegations in the bills of complaint and found for the plaintiff in both cases.

The facts and issues involved in both cases are identical, with the exception that the First National Bank of Portland appears as the defendant in one case, and the Forest City Trust Company in the other, and by stipulation both cases are to be heard together.

The plaintiff was under contract with the New England Cold Storage Company to construct and equip its plant at Portland, Maine. A certain number of shares of stock were to be issued to said plaintiff, the same to be sold as part of the plan for raising money for the construction of the plant. The defendant Hyde made certain representations to the plaintiff, stating that he had certain purchasers for the stock. He obtained the same from the plaintiff, hypothecated it with the two defendant banks, obtaining in each case a loan. Plaintiff brings bill in equity asking for equitable relief against defendants and in each case the presiding Justice filed a decree in plaintiff's favor granting the specific relief asked for. From each decree, the defendant Hyde appealed. Appeal denied. Decree below affirmed with additional costs.

Case stated in opinion.

*Frederic J. Laughlin, and Charles E. Gurney,* for complainant.

*Fred V. Matthews,* for defendant Hyde.

*Howard R. Ives*, for First National Bank.

*William H. Gulliver*, for Forest City Trust Company.

*Ernest M. White*, for New England Cold Storage Company.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

KING, J. The allegations in the bill of complaint in each of these cases are substantially the same. They are in substance, that on the fifteenth day of February, 1915, the plaintiff was the owner of 100 shares of the preferred stock and 20 shares of the common stock of the New England Cold Storage Company, all of which shares the defendant Hyde agreed to purchase for $9000 to be paid immediately; that said Hyde, in pursuance of a false, fraudulent and wrongful design to obtain said stock without making payment therefor, represented to the plaintiff that he had made arrangements to borrow of certain banks, with said stock as collateral security, sufficient money to enable him to pay for said stock forthwith, and that if the plaintiff would entrust said stock to him to deposit in said banks, he would immediately turn over to the plaintiff the proceeds of the loans so obtained on said stock which would be sufficient with his other funds to make the full payment of said $9000; that the plaintiff, relying upon the representations of said Hyde, and in expectation of the immediate payment by him of said $9000 for said stock according to his expressed intent and assurance, caused certificates representing said stock to be issued in the name of said Hyde and to be entrusted to him as he requested; that said Hyde deposited one-half of said stock with the First National Bank of Portland, and the other half with the Forest City Trust Company, as collateral security for his note to each of said banks for $3500, he receiving the proceeds of said loans; and that said Hyde fraudulently, wrongfully, designedly and in utter disregard of his representations and assurances, did not turn over or pay to the plaintiff the proceeds of said loans or any part thereof, and has made no payment whatsoever for said stock.

Briefly stated the relief asked for in each case is, that the stock referred to in the bill be decreed to be the property of the plaintiff, subject to its pledge to the bank as collateral from which the plaintiff may redeem it by paying the bank such sum as may be found

justly due it; that said Hyde be enjoined from transferring or encumbering said stock, or exercising any rights as a stockholder in said New England Cold Storage Company by reason of said shares standing in his name on the books thereof; and that he be ordered to repay the plaintiff such sums of money as he may be required to pay to redeem said stock.

The cases were heard together by the sitting Justice upon bills, answers, replications and proof and he filed in each a final decree in the plaintiff's favor granting the specific relief asked for. In each decree the Justice states that the allegations in the bill are sustained by the evidence, and that the defendant Hyde has no right or title to said stock. From each decree Hyde has appealed.

It is the well settled rule, repeatedly and recently stated by this court, that the findings of the sitting Justice in equity proceedings, upon questions of fact necessarily involved, are not to be reversed upon appeal unless clearly wrong, and that the burden is on the appellant to satisfy the court that such is the fact. *Sposedo* v. *Merriman*, 111 Maine, 530.

Applying that rule to the cases at bar the appeals must be denied, for an examination of the evidence not only fails to satisfy the court that the decrees appealed from are clearly wrong, but, on the other hand, convinces the court that they are amply justified by the evidence.

There was no error in the ruling of the Justice permitting the plaintiff to read into the record certain portions of the deposition of the defendant Hyde as admissions by him against his interests. *Hatch* v. *Brown*, 63 Maine, 410; *Gilchrist* v. *Partridge*, 73 Maine, 214.

And as to the admission against objection of the testimony of Charles G. Keene, it need only be said, that an equity cause in the appellate court is heard anew, "and the admission or exclusion of evidence below is of no consequence, except so far as it shall be considered competent for consideration on appeal." *Redman* v. *Hurley*, 89 Maine, 428. We find sufficient legal evidence in these causes to sustain the decrees below.

It is accordingly the opinion of the court in each case, that the appeal must be denied and the decree below affirmed with additional costs.

*So ordered.*